**Jim T. KOVACH, Appellant**

v.

**CENTRAL TRUCKING, INC., Central Trucking Company and Wade A. Farr, Appellees.**

Superior Court of Pennsylvania.

Argued June 18, 2002.

Filed Oct. 7, 2002.

John Ditzler, Lebanon, for appellant.

Guy H. Brooks, Harrisburg, for appellees.

Before: DEL SOLE, P.J., HUDOCK and BROSKY, JJ.

DEL SOLE, P.J.

¶ 1 Jim Kovach appeals from the trial court's order granting Appellee's motion for summary judgment. Upon review, we reverse and remand.

¶ 2 This case involves a motor vehicle accident that occurred in January 1994.

At the time of the accident, Appellant was driving an automobile and Wade Farr, employed by Central Trucking, Inc., was driving a tractor-trailer. Appellant asserts that, as a result of the accident, he sustained injuries.

¶ 3 Appellant filed suit. During discovery, the videotaped deposition of one of Appellant's treating physicians was taken in preparation for trial. Prior to the scheduled trial, the trial court granted Appellee's motion *in limine* and ordered that Dr. Faralli's deposition be redacted so that it omitted references to "torn meniscus, possible surgical procedures and arthritis." Appellee filed a motion for summary judgment, arguing that Appellant could not establish a *prima facie* case of negligence. The trial court entered summary judgment. This appeal followed.

¶ 4 Appellant presents the following issues for review:

A. Whether Dr. Faralli's expert opinion regarding the issue of causation was adequately stated to a reasonable degree of medical certainty so as to be properly admissible at trial.

B. Whether Dr. Faralli's testimony regarding Mr. Kovach's prognosis and potential need for future surgery should have been admissible as bearing on the issue of Plaintiff's damages.

C. Whether Dr. Faralli's testimony regarding Mr. Kovach developing arthritis should have been admissible as bearing on the issue of Plaintiff's damages where Defendant was provided fair notice of similar conditions in Dr. Faralli's pretrial reports.

Appellant's Brief at 4.

¶ 5 All of Appellant's claims challenge the trial court's decision to exclude key portions of Dr. Faralli's expert opinion from being admitted at trial. This Court has stated:

The admission or exclusion of evidence, including the admission of testimony from an expert witness, is within the sound discretion of the trial court.... We may only reverse upon a showing that the trial court clearly abused its discretion or committed an error of law. To constitute reversible error, an evidentiary ruling must not only be erroneous, but also harmful or prejudicial to the complaining party.

*McClain v. Welker,* 761 A.2d 155, 156 (Pa.Super.2000).

¶ 6 Appellant first argues that the trial court erred in excluding Dr. Faralli's expert opinion on Appellant's injury on the basis that Dr. Faralli's opinion regarding their cause had not been expressed with sufficient certainty. Appellant's Brief at 8. Appellant maintains that, by excluding this testimony, the trial court effectively eliminated Appellant's ability to proceed to trial because he could not establish a *prima facie* case of negligence for consideration by a jury. *Id.* at 8–9.

¶ 7 With regard to expert testimony, our Supreme Court has held that "[n]o matter how skilled or experienced the witness may be, he will not be permitted to guess or to state a judgment based on mere conjecture." *Collins v. Hand,* 431 Pa. 378, 246 A.2d 398, 404 (1968). This Court has reviewed the degree of medical certainty necessary to prove causation and has explained:

When a party must prove causation through expert testimony the expert must testify with "reasonable certainty" that "in his 'professional opinion, the result in question did come from the cause alleged.'" An expert fails this standard of certainty if he testifies "'that the alleged cause "possibly", or "could have" led to the result, that it "could very properly account" for the

result, or even that it was "very highly probable" that it caused the result.' "

"The issue is not merely one of semantics. There is a logical reason for the rule. The opinion of a[n] ... expert is evidence. If the fact finder chooses to believe it, he can find as fact what the expert gave as an opinion. For a fact finder to award damages for a particular condition to a plaintiff it must find as a fact that the condition was legally caused by the defendant's conduct.... [I]t is the intent of our law that if the plaintiff's ... expert cannot form an opinion with sufficient certainty so as to make a [professional] judgment, there is nothing on the record with which a [factfinder] can make a decision with sufficient certainty so as to make a legal judgment." However, to make an admissible statement on causation, an expert need not testify with absolute certainty or rule out all possible causes of a condition. Expert testimony is admissible when, taken in its entirety, it expresses reasonable certainty that the accident was a substantial factor in bringing about the injury. The expert need not express his opinion in precisely the same language we use to enunciate the legal standard. That an expert may, at some point during his testimony, qualify his assertion does not necessarily render his opinion inadmissibly speculative.

*Cohen v. Albert Einstein Medical Center, Northern Div.*, 405 Pa.Super. 392, 592 A.2d 720, 723–724 (1991) (citations omitted).

¶ 8 In order to determine whether the trial court erred in excluding this opinion, we must look at Dr. Faralli's testimony regarding the issue of causation to determine whether it was stated to a reasonable degree of medical certainty.

¶ 9 After stating his clinical findings and Appellant's treatment history, Dr. Faralli was asked the following question:

[Attorney].... Doctor, could you provide me with your opinion as to the causal relationship between the motor vehicle accident of January 17, 1994 and the conditions for which you treated Mr. Kovach?

Dr. Faralli's Deposition Transcript at 33–34.

¶ 10 Dr. Faralli responded as follows:

[Faralli]. I think this motor vehicle accident did in fact contribute to his knee symptoms. I can't be absolutely certain what existed in his knees right before the accident, but I think it is clear from my standpoint that there was a dramatic change in his activity level as a result of the accident. And so I am willing to connect his meniscal pathology to the motor vehicle accident either by virtue of the meniscus being torn directly as a result of his injury or contributed to substantially by virtue of his motor vehicle accident—motor vehicle accident.

[Attorney]. When you say contributed to substantially, you mean aggravated substantially by?

[Doctor]. Aggravated by, right, exactly. Perhaps there was some underlying preexisting changes. This is after all a guy who's 41 years old at the time of his injury. You can have some stuff going on in your leg that perhaps was not symptomatic or not even considered symptomatic by the patient which becomes intolerably symptomatic as a result of an injury. So it is possible that—but in my estimation the accident substantially altered and changed what went on in his knew [sic]—in his knees.

[Attorney]. Doctor, this might be—this might be too elementary of a question; but do you ever know before a traumatic injury, let's say to the knees, what the

condition of that person's knee was beforehand?

[Doctor]. No unless there was the fortuitous, somebody getting an x-ray or an MRI by serendipity before—I don't have evidence in my chart of him having substantial knee problems prior.

. . .

[Attorney]. Very well. Doctor, the opinions you stated here today are they stated to a reasonable degree of medical and professional certainty?

[Doctor]. Yes, they are.

*Id.* at 34–35.

¶ 11 Upon review of the deposition testimony, we find that Dr. Faralli's expert opinion met the standard necessary to establish causation. When taken in its entirety, Dr. Faralli's testimony expressed reasonable certainty that the accident was a substantial factor in bringing about Appellant's injury. Dr. Faralli did not base his opinion on mere conjecture or speculation. Dr. Faralli unequivocally stated that it was his opinion that the accident caused damage to Appellant's knees. He did not testify that the alleged accident "possibly," or "could have" led to the knee injuries, that it "could very properly account" for the result, or even that it was "very highly probable" that it caused the result. He stated clearly that " . . . in my estimation the accident substantially altered and changed what went on in his knee—in his knees." Thus, we find Dr. Faralli's expert opinion regarding the issue of causation was adequately stated to a degree of medical certainty so as to be properly admissible at trial.

¶ 12 Moreover, had Dr. Faralli's opinion not been excluded from evidence, Appellant would have been able to establish a *prima facie* case of negligence. The issue should have gone to a jury for the jury to determine the weight to afford Dr. Faralli's testimony and opinion. Accordingly,

the trial court erred in granting Appellee's motion for summary judgment. Thus we reverse and remand.

■ ¶ 13 While disposition of the first issue results in reversal of the trial court's order, we briefly address Appellant's remaining two issues. We find merit to Appellant's claim that Dr. Faralli's testimony regarding Appellant's prognosis and potential need for surgery is admissible evidence. This testimony is relevant in determining the issue of damages. Thus, the testimony should be admitted for consideration by the jury in determining damages.

■ ¶ 14 Finally, we find that Dr. Faralli's testimony regarding Appellant's development of arthritis is also admissible. Appellee argues that this testimony should not be admissible as arthritis was not included as an injury in Dr. Faralli's pretrial reports. Appellee's Brief at 15. It is Appellee's position that Dr. Faralli's reports failed to mention or discuss a diagnosis of arthritis in Appellant's knees. *Id.*

¶ 15 What Appellee fails to acknowledge is that Dr. Faralli's diagnosis of arthritis in Appellant's knee was not made until the examination that occurred on November 30, 2000, approximately two to three weeks before the deposition took place. Dr. Faralli's pre-trial reports were created well before this examination and diagnosis occurred. Thus, it would have been impossible for Dr. Faralli to mention the diagnosis of arthritis specifically in his pre-trial reports.

■ ¶ 16 Appellee argues that during his deposition, Dr. Faralli testified for the first time that the meniscal tears in Appellant's knees were caused by an arthritic condition. Appellee's Brief at 15. This representation is not a correct reflection of Dr. Faralli's testimony. Contrary to Ap-

pellee's argument, Dr. Faralli testified that the meniscal tears existent in Appellant's knees were a contributing factor in the development of arthritis. Dr. Faralli also testified, as stated previously, that it was his opinion that the meniscal tears were a result of the accident. Thus, we do not find that testimony regarding Appellant's development of arthritis exceeds the fair scope of his report and should be precluded. The development of arthritis, according to Dr. Faralli's testimony, is a result of the meniscal tears. Because these conditions are related, testimony regarding the condition should not be precluded. Furthermore, we do not find that Appellee would be prejudiced by admission of this testimony as the condition of arthritis is simply an extension of the meniscal tears. This testimony is for the jury to hear and to use in determining damages.

¶ 17 Order reversed and case remanded for proceedings consistent with this Opinion. Jurisdiction relinquished.